UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER MICHAEL HANNON,

Plaintiff,

v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for
Operations,

Defendant.

CASE NO. 3:17-CV-05752-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3). This matter has been fully briefed. *See* Dkt. 11, 12, 16.

After considering and reviewing the record, the Court concludes that the ALJ failed to consider a probative medical opinion, which stated that plaintiff was capable of less than sedentary activities and met social security listing criteria for disorders of the spine. This omission was not harmless error because the omitted opinion, which supported plaintiff's claim,

may have resulted in a different disability determination. Therefore, the Court orders that this matter be reversed and remanded for further consideration consistent with this order.

BACKGROUND

Plaintiff, CHRISTOPHER MICHAEL HANNON, was born in 1977 and was 28 years old on the alleged date of disability onset of June 30, 2006. *See* AR. 232-33, 234-42. Plaintiff completed high school and "worked a little towards an Associate's degree." AR. 49. Plaintiff has work experience as a photo technician, steel worker, lifeguard/swim instructor and food service worker. AR. 325-30.

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease, depression, and alcohol abuse (20 CFR 404.1520(c) and 416.920(c))." AR. 22.

At the time of the hearing, plaintiff was living in an apartment and had his two teenage children every other weekend. AR. 47.

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 130, 131, 152, 153. Plaintiff's requested hearing was held before Administrative Law Judge Susan Leise ("the ALJ") on February 3, 2016. *See* AR. 41-81. On May 4, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 17-40.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ improperly ignored the opinion of Brent Packer, M.D.; (2) The ALJ improperly rejected the opinion of Peter Weiss, Ph.D.; (3) The ALJ improperly rejected the opinion of Charles Quinci, Ph.D.; and (4) The ALJ improperly rejected the plaintiff's testimony. Plaintiff requests that this matter be reversed and remanded for an award of benefits. *See* Dkt. 11, pp. 1-2.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.  Whether the ALJ improperly ignored the opinion of Brent Packer, M.D.**

Plaintiff alleges, and defendant concedes, that the ALJ improperly overlooked a medical opinion by Dr. Packer, a non-examining physician, regarding plaintiff's degenerative disc disease. Dkt. 11, p. 3; 12, p.2; *see* AR. 499. The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)). However, the Ninth Circuit has held that "where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Moreover, the Commissioner "may not reject

'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571. Because the ALJ did not explain why he might be rejecting Dr. Packer's opinion, his decision is not supported by substantial evidence.

Here, Dr. Packer's opinion regarding plaintiff's degenerative disc disease, which was overlooked, is favorable to plaintiff. A question posed on the medical review queries whether "light work restriction is reasonable or should it be adjusted to sedentary?" AR. 499. Dr. Packer recommends "less than sedentary" because "severity approaches or equals level required by SSA listing 1.04." *Id.* This opinion is probative because the ALJ considered whether plaintiff met a listing for 1.04 disorders of the spine and ultimately determined that he did not. AR. 25. If plaintiff had met or equaled the listing, he would have been disabled pursuant to social security regulations. 20 C.F.R. § 404.1520(d). Dr. Packer also stated in his opinion that plaintiff had a severely limited range of motion in his spine, that the MRI and physical exam findings were consistent with failed back syndrome after plaintiff's laminectomy, and that plaintiff's statements regarding pain are credible. AR 499. Although the ultimate issue of disability is reserved to the adjudicator, she "may not reject 'significant probative evidence' without explanation." *Flores, supra*, 49 F.3d at 570-71.

Dr. Packer's opinion also notes additional mental limitations. AR. 501. These included marked limitations in his ability to maintain regular attendance and punctuality, and marked limitations to completing a normal workday or week without interruptions from psychologically based symptoms. *Id.* The ALJ did not address these limitations in her RFC, however, in regards to another medical opinion regarding mental limitations, the ALJ stated that "symptoms of

depression support some level of functional deficit." AR. 30. The Court cannot assume, as defendant suggests, that the ALJ will give the same treatment to Dr. Packer's opinion as she did to Dr. Weiss's opinion. Dkt. 12, p.5. The ALJ did not wholly reject Dr. Weiss's opinion, but gave it partial weight stating "it has some support from the evidence of record." AR. 30. In sum, Dr. Packer's opinion contained probative evidence favorable to plaintiff, and the ALJ erred in overlooking the opinion.

Defendant believes that the mental portion of the opinion should be disregarded because defendant believes it is "entirely unclear" who authored that portion of the exam. Dkt. 12, p. 5. The Court does not share this concern. The exhibit is a five page document with letterhead on each page showing the Washington State Department of Social and Health Services logo, as well as a consistent heading on each page showing plaintiff's name, identification number, and the date. AR. 499-503. The first page of the review clearly identifies the document as a "Review of Medical Evidence" and notes that it is both a physical and mental functional assessment. AR. 499. Without evidence to the contrary, it is not unreasonable to infer that Dr. Packer authored both portions of the exam.

In conceding that it was improper for the ALJ to overlook Dr. Packer's opinion, defendant asks the Court to find that this error is harmless. Dkt. 12, p.2. Citing *Marsh v. Colvin*, defendant correctly states that harmless error principles apply in social security cases where a medical opinion is overlooked. 792 F.3d 1170 (9th Cir. 2015). However, *Marsh* also notes the high standard for finding harmless error:

> [O]ur precedents have been cautious about when harmless error should be found, even though the analytical framework itself applies broadly. For example, in *Stout*, we held that an ALJ's silent disregard of lay testimony was not harmless, and we explained that ALJ errors in social security cases are harmless if they are "inconsequential to the ultimate nondisability determination" and that "a reviewing court cannot consider [an] error harmless unless it can confidently

conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."

*Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th. Cir. 2015) (*quoting Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)).  The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.* at 1173 (noting that where the ALJ did not even mention a doctor's opinion that plaintiff was "pretty much nonfunctional," it could not "confidently conclude" that the error was harmless) (*citing Stout,* 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 750 (6th Cir. 2007)). Even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

    The ALJ relied on the opinions of three other medical sources in regards to plaintiff's degenerative disc disease. AR. 29-30.  However, the ALJ also added additional limitations to the RFC beyond those opined by the other medical sources stating "the record as a whole supports even greater restriction." AR 29.  In order to confidently determine harmless error in this instance, the Court would have to revisit all medical opinions the ALJ discussed and intuit how the ALJ may have weighed the overlooked evidence in comparison.  This is not within the purview of this Court. *See Bray v. Comm'r of SSA,* 554 F.3d 1219, 1225-26 (9th Cir. 2009).  Because the harmlessness of the ALJ's error in this case is not clear, this Court recommends the case be remanded for further consideration. *See Mcleod v. Astrue,* 640 F.3d 881, 888 (9th Cir. 2011) ("where harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate").

**II.     Plaintiff's remaining arguments.**

Because the ALJ's failure to consider a probative medical opinion is dispositive, this matter requires remand for further consideration. Plaintiff alleges that the ALJ committed other errors including improperly rejecting the opinions of Dr. Peter Weiss and Dr. Charles Quinci. Plaintiff also alleges that the ALJ erred by improperly rejecting plaintiff's testimony. The ALJ did not wholly dismiss the opinions of Dr. Weiss and Dr. Quincy, but gave them partial weight. AR. 30. On remand the ALJ should reweigh these opinions, as well as plaintiff's credibility, in light of the overlooked opinion and any additional evidence that may be presented at that time.

**III.    Remedy.**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292). Here, outstanding issues must be resolved including: how much weight the medical opinion should be given; whether additional RFC limitations would result from the opinion; and whether any additional RFC limitations would result in a finding of disability. Therefore, in this case, it is not

appropriate for this Court to award payment of benefits. The matter should be remanded for further consideration.

### CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Dated this 27th day of August, 2018.

J. Richard Creatura
United States Magistrate Judge